

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sam L. Harrison
Criminal District Attorney
Robertson County
Franklin, Texas

Dear Sir: .

Opinion No. 0-5499
Re: Is there any express prohi-
bition preventing a county
commissioner from serving as
precinct superintendent of
his precinct and from draw-
ing the salary as precinct
commissioner?

Your letter of July 27, 1943, requesting the opinion
of this department on the above stated question reads in part
as follows:

"Please give me your opinion on the follow-
ing:

"Under Art. 6743, R. C. S. is there any ex-
press prohibition preventing the County Commission-
er from serving as precinct superintendent of his
precinct and from drawing the salary for such? This
question was made by one of the commissioners of
Robertson County and I gave him my opinion and he
requested that I write the Atty. Gen. for his. My
opinion is that this can not be done. . . ."

Article 6743, Vernon's Annotated Civil Statutes, pro-
vides:

"The commissioners court of any county subject
to this law may appoint a competent person as road
superintendent for such county, or one such super-
intendent in each commissioners precinct, as it shall
determine by an order made at a regular term there-
of. Such order shall be entered on the minutes of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED

such court, and shall not be void for want of form, but a substantial compliance with the provisions of this subdivision shall be sufficient. Every road superintendent shall be a qualified voter in the county or precinct for which he is appointed, and shall hold his office for two years or until removed by the commissioners court for good cause. No county shall be under the operation of this law whose commissioners court does not appoint a road superintendent or superintendents."

Article 2351, Vernon's Annotated Civil Statutes, provides, in part:

"Each commissioners court shall:

". . . .

"  "3.  Lay out and establish, change and discontinue public roads and highways.

"4.  Build bridges and keep them in repair.

"5.  Appoint road overseers and apportion hands.

"6.  Exercise general control over all roads, highways, ferries and bridges in their counties.

". . . ."

Except when road commissioners are employed, each commissioner is under the legal duty of supervising the roads within his precinct once each month and of making a sworn report thereon to each regular term of the commissioners' court held during the year. (See Article 6713, Vernon's Annotated Civil Statutes.) Article 2351, supra, imposes upon the commissioners' court the duties therein enumerated with reference to the supervision, construction and maintenance of public roads. Under the general law it is the duty of the county commissioners to perform all the duties of road superintendents where no road superintendents are employed by the commissioners' court. It will be noted that the commissioners' court is authorized to appoint a competent person as road superintendent for the county or one superintendent in each commissioners' precinct.

In enacting Article 6743, supra, it was not the intention of the Legislature that the commissioners' court could appoint the members of said court as road superintendents.

The general rule is stated in Corpus Juris, Volume 46, page 940, as follows:

"It is contrary to the policy of the law for an officer to use his official appointing power to place himself in office, so that, even in the absence of a statutory inhibition, all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint; nor can an appointing board appoint one of its members to an office, even though his vote is not essential to a majority in favor of his appointment, and although he was not present when the appointment was made, and notwithstanding his term in the appointing body was about to expire; nor can the result be accomplished indirectly by his resignation with the intention that his successor shall cast his vote for him. A statute declaratory of this rule of the common law will be construed liberally so as to give as broad a scope to the remedy provided by it as the language used will justify. Thus remaining in office by the sufferance of the appointing board will not cure such a disability."

It is stated in Texas Jurisprudence, Volume 21, page 634:

"Another statutory method of supervision is by the appointment of a superintendent for the county or for each precinct. The courts have been called upon to adjudicate claims for salaries for such officers, but since the appointment of superintendents is optional, and is associated with the practically obsolete method of working by road hands, it is unnecessary to particularize their powers and duties as in the statute set forth."

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department

Honorable Sam L. Harrison, page 4

that the commissioners' court is not authorized by Article 6743, supra, to appoint the members of said court as road superintendents. Therefore, it naturally follows that they would not be entitled to any compensation as road superintendents under the provisions of Article 6743 and Article 6745, Vernon's Annotated Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:db